**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMES HOLDSWORTH, et al., | : CIVIL ACTION NO. 07-4945 (MLC) |
| Plaintiffs, | : **MEMORANDUM OPINION** |
| v. | : |
| SEARS, ROEBUCK & COMPANY, et al., | : |
| Defendants. | : |

**THE COURT** ordering the defendant Black & Decker (U.S.) Inc., s/h/a Black & Decker ("BDU"), to show cause why the action should not be remanded to state court for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 16, Order to Show Cause ("OTSC")); and James Holdsworth and Sandra Holdsworth being listed in the complaint caption as bringing this action in state court on August 22, 2007, to recover damages for products liability against the defendants (1) BDU, and (2) Sears, Roebuck & Company ("SRC") (dkt. entry no. 1, Compl.); and BDU (1) removing the action based on jurisdiction under Section 1332, and (2) bearing the burden of demonstrating jurisdiction (dkt. entry no. 1, Rmv. Not.), see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, 28 U.S.C. § 1447(c); and

**IT APPEARING** that on August 22, 2007, (1) James Holdsworth and Sandra Holdsworth were New Jersey citizens, (2) SRC was

deemed to be a citizen of New York and Illinois, and (3) BDU was deemed to be a citizen of Delaware and Maryland (Rmv. Not. at 2), see 28 U.S.C. § 1332(c)(1); but the complaint containing the following allegations:

> 4. Certain Underwriters at Lloyds of London [("ULL")] is a group of insurance underwriters located in London, England who issue insurance policies.
>
> 5. [ULL] at all relevant times issued a property insurance policy to James and Sandra Holdsworth who owned real property and a residence located [in] New Jersey.
>
>         * * *
>
> 7. As a result of the severe fire damage to the residence [at issue], [the] Holdsworth[s] have suffered losses. In addition, [ULL] has made certain payments to [the] Holdsworth[s] and is therefore subrogated to their rights to seek reimbursement from any party legally responsible for the damage caused by the fire.
>
> 8. Moreover, plaintiffs James and Sandra Holdsworth have suffered damages above the policy limits.

(Compl. at 1-2); and complaint also asserting that a certain attorney "is hereby designated as trial counsel in the above-captioned litigation on behalf of plaintiffs, James and Sandra Holdsworth and [ULL], as subrogee of James and Sandra Holdsworth" (id. at 9); and

  **IT APPEARING** that (1) the action seeks reimbursement for — in addition to James Holdsworth and Sandra Holdsworth — ULL, and (2) ULL is represented by counsel here; and thus it appearing that ULL "'own[s]' portions of the substantive right and should appear in the litigation in [its] own name[]," and that BDU must allege ULL's citizenship to demonstrate jurisdiction under

Section 1332, <u>United States v. Aetna Cas. & Sur. Co.</u>, 338 U.S. 366, 380-81 (1949); <u>see</u> <u>Krueger v. Cartwright</u>, 996 F.2d 928, 931-32 (7th Cir. 1993); <u>Fed. Ins. Co. v. Your Homework, Inc.</u>, 280 F.Supp.2d 844, 845 (N.D. Ill. 2003); and

**IT APPEARING** that ULL is deemed to possess the citizenship of the policy underwriter or underwriters for a jurisdictional determination, <u>Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co.</u>, 177 F.3d 210, 221-22 (3d Cir. 1999); <u>Evanston Ins. Co. v. Cozen O'Conner, P.C.</u>, No. 06-4687, 2007 WL 869614, at *1-*2,*5 (D.N.J. Mar. 20, 2007); <u>see</u> <u>Corfield v. Dallas Glen Hills LP</u>, 355 F.3d 853, 862-63 (5th Cir. 2003) (summarizing <u>Chem. Leaman</u> analysis); and

**IT THUS APPEARING** that BDU has prevented the Court from discerning whether ULL is deemed to be a citizen of a different state or different states in relation to the defendants, <u>see</u> 28 U.S.C. § 1332(a); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", <u>Grupo Dataflux v. Atlas Global Group</u>, 541 U.S. 567, 571 (2004); and the Court thus advising the parties of the intention to remand the action to state court for lack of jurisdiction unless BDU properly (1) demonstrates ULL's citizenship as it existed on August 22, 2007, with supporting documentation, and (2) shows that jurisdiction under Section 1332 existed on August

3

22, 2007 (see OTSC); and the Court advising BDU that BDU must specifically assert ULL's citizenship as it existed on August 22, 2007 (id.); and the Court further advising BDU that it must affirm that BDU is listing each ULL underwriter and no other underwriters remain to be ascertained (id.); and the Court providing BDU with further guidance concerning pleading jurisdiction even though BDU is represented by counsel (id.), and thus the Court "should not need to underscore the importance of adequately pleading and proving diversity", CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and

**THE COURT** advising that if any party failed to respond to the Order to Show Cause, then that party will be deemed to be in support of remand (see OTSC at 6); and James Holdsworth, Sandra Holdsworth, and ULL not responding to the Order to Show Cause, and thus being deemed to be in support of remand; and

**BDU NOW ADMITTING** that ULL is "not diverse" from the defendants (dkt. entry no. 17, BDU Resp. at 1; see id. at 3-4 (stating ULL and defendants are deemed to be citizens of the same states); dkt. entry no. 17, Averell Cert., Ex. D); but BDU, with SRC joining, opposing remand nonetheless (see BDU Resp.; dkt. entry no. 18, SRC Resp.);[1] and BDU arguing that "because the case

---

[1] The defendants assert that DeVilbiss Air Power Company (1) should be listed as a defendant in place of BDU, and (2) is deemed to be a citizen of Delaware and Tennessee. (BDU Resp. at 3 n.2.) However, the defendants (1) made no such allegations in the Notice of Removal, and (2) have not moved to amend the caption.

involves a claim of partial — not complete — subrogation, the insureds have the right to prosecute this action without . . . ULL" (BDU Resp. at 1; see id. at 5-12); but the Court finding this argument to be without merit, as — even though James Holdsworth and Sandra Holdsworth could have prosecuted an action without ULL — it is apparent from the language of the complaint that a claim is being asserted on ULL's behalf directly; and the Court noting that (1) jurisdiction under Section 1332 was not required to be asserted when the action was brought in state court, and (2) the allegations as presented in the complaint cannot be ignored in order to fit BDU's legal argument; and BDU also arguing that the portion of the complaint listing counsel for ULL "was likely a drafting error" (id. at 2 n.1); and the Court finding that argument to be speculative and thus without merit; and

**THE COURT** thus intending to (1) grant the Order to Show Cause, and (2) remand the action to state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper
       **MARY L. COOPER**
       United States District Judge

Dated:   January 21, 2009